[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on January 7, 1989, a total of 11 years. After several attempts at reconciliation, they separated in September of 1998. By complaint dated July 9, 1998, the Wife instituted this action claiming a dissolution of marriage, alimony, joint custody, child support, an equitable division of property and liabilities, and other relief. The Husband filed an answer and cross-complaint claiming a dissolution of marriage, child support, an equitable division of real and personal property, and other relief. The parties were fully heard on all issues over parts of four days of trial.
One child, issue of the marriage, Shannon Marie, was born to the Wife on January 31, 1997. Shannon is in good health and attends nursery school. After a referral to the Family Services Unit for mediation, to the credit of both parties, they were able to come to an agreement concerning parental issues involving Shannon which will be incorporated into this decree.
The Wife is 37 years of age and in good health, although she was diagnosed with a pre-cancerous condition, now in remission, during her pregnancy. She has a Bachelor of Science degree in computer science, earned before the marriage, and has recently returned to college at the University of New Haven in order to obtain a Masters of Business Administration degree. She is in an accelerated program and expects to finish in May of 2001. Her goal is to upgrade her skills in order to be better positioned in the employment market place. In addition to her parenting responsibilities, she works part time for her brother-in-law in a clerical position. Throughout the marriage and before she was employed for various companies, often in very responsible positions, earning substantially more than her Husband. Once she CT Page 4557 completes her education, she should be poised to return to her highly productive business career. The orders contained herein are based upon her current income of $100.00 per week.
The Husband is 42 years of age and in good health, although he did suffer a bought of depression during the marriage for which he took anti-depressant medication. Despite his denial, there was substantial evidence that he has a problem with alcohol which would warrant attention. He has some college training but no degree. For the past 20 years he has been employed by Sikorsky Aircraft as a customer service representative. His work does involve travel which at times can be extensive. For the first half of the marriage he earned more money annually than his Wife, but in the latter half she earned more. Both parties are intelligent, articulate, hardworking, and should have no difficulty being productive and self supporting in future years. The orders contained herein are based upon his current income of $1,422.00 per week.
At the time of the marriage, the Wife claimed to have $6,000 in savings, $3,400.00 in a 401k, jewelry, and a car with a $10,000 fair market value. However, it should be noted that during the course of the marriage the parties were recipients of generous cash and personal property gifts from the Wife's family on an annual basis. Such assistance from her family continues for the Wife.
The Husband claimed, and had documentary evidence to substantiate most items, that he owned a house in San Diego, California which he sold and netted $24,264.00, a Corvette automobile with a value of $8,000.00, a Volkswagen automobile with a value of $2,500.00, a ski boat with a value of $9,500.00, savings of $7,933.00, and furniture of $6,000.00. He also had accumulated a pension from 10 years of employment at Sikorsky. A pension expert testified that at the time of marriage the benefit to which he was entitled was $295.87 per month at age 65. The present monthly benefit at age 65 is $1,647.41. The Husband also had various obligations to his first Wife which were paid off during the course of the marriage.
There was much testimony about the assets each party brought into the marriage as well as the continued outside assistance received by both from family and employment sources. Parties contribute in different ways to the shared enterprise that is a marriage. To attempt a dollar evaluation of the varied CT Page 4558 contributions would be very difficult. In the instant case, the court considers the relative contributions of the parties to be in equipoise.
Currently, net assets are as follows:
 1. Residence equity (stipulated FMV $207,000 less mortgage balance of $156,000) $51,000.00
2. 1995 BMW 5,500.00
3. 1991 Toyota 2,000.00
4. 1990 Isuzu 4,500.00
5. 1980 Suzuki 800.00
6. 1992 Checkmate boat 8,200.00
7. Quick and Reily IRA 20,000.00
8. UTC Savings IRA 75,493.64
9. UTC Pension ($1819.53/mo. at age 65) —
10. Checking/Savings —
 11. Personal Property — ____________ Total $167,493.64
It should be noted, regarding the marital residence, that the Husband was somehow able to refinance the mortgage without the Wife's signature or approval. In the process, he increased the balance on the mortgage decreasing the equity by about 15 thousand dollars. He also managed to pocket $7,607.78 of the mortgage proceeds without disclosing same to the Wife.
Liabilities of the parties, not including attorney's fees for this action, are substantial. The Wife owed her sister and brother-in-law $40,200.00, her mother $2,000.00, People's Bank, $1,500.00, and Sallie Mae $18,500.00. The Husband owed SF Credit Union Visa $6,418.00, UTC Savings, $4,211.00, and First Visa $4,900.00. CT Page 4559
It would serve no useful purpose to chronicle the causes for the breakdown of the marriage which is clearly irretrievable. The Wife claimed that the marriage broke down because the Husband was an alcoholic, depressed over work, untruthful, controlling, emotionally abusive, and involved with another woman. The Husband claimed that the Wife belittled him, embarrassed him, was jealous, verbally abusive, mistrustful, used foul language, had a bad temper, and was not supportive. Several attempts at counseling did not seem to help. The Wife accepted no responsibility for the breakdown while the Husband said he bore 50% of the responsibility. While there are two sides to every marriage breakdown, and perceptions always vary, in this case the Wife's claims would appear to be more credible.
The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
DISSOLUTION OF MARRIAGE
The marriage is dissolved on the grounds of an irretrievable breakdown.
CUSTODY AND VISITATION
The parties shall have joint legal custody of the minor child with physical custody to the Wife. Visitation shall be as per the attached schedule which is incorporated herein by reference.
CHILD SUPPORT
The Husband shall pay to the Wife child support in the amount of $184.00 per week pursuant to an immediate wage withholding order.
LIFE INSURANCE
The Husband shall name the minor child beneficiary on the $350,000.00 Cigna Life Insurance Company policy insuring his life. The Wife shall name the minor child beneficiary on any group life insurance policy insuring her life as may become CT Page 4560 available to her from employment. Each party shall furnish the other with information upon reasonable request that said insurance is being properly maintained. The provisions of this paragraph shall be subject to modification.
MEDICAL INSURANCE
The Husband shall continue to maintain the medical and dental insurance coverage he now has available to him through his place of employment for the benefit of the minor child. All un-reimbursed medical and dental expenses incurred by the child shall be shared in accordance with the percentages indicated on the child support guidelines, currently 73% by the Husband and 27% by the Wife. The provisions of this paragraph shall be subject to modification.
Neither party shall contract for any extraordinary expenses on behalf of the minor child without first consulting with the other, except in case of emergencies.
The provisions of Conn. Gen. Stat. Sec. 46b-84 (e) shall apply.
The Wife may avail herself of the COBRA benefits provided by the Husband's employer at her sole expense.
ALIMONY
The Husband shall pay to the Wife periodic alimony in the amount of $275.00 per week through August 2003 pursuant to an immediate wage withholding order. In the event the Wife becomes employed full time prior to September 1, 2003, she is ordered to immediately notify the Husband in writing including the income she is to receive.
REAL ESTATE
The Wife shall quit claim to the Husband her interest in the former marital residence located at 198 River Road, Shelton, subject to the outstanding first mortgage which the Husband shall assume and save the Wife harmless from any and all claims regarding same. Simultaneously with the delivery of the quit claim deed, the Husband shall pay to the Wife the sum of $25,500.00 as her share of the equity. The transfer shall take place within 60 days from date. CT Page 4561
In the event the Husband is unable or unwilling to pay the sum indicated, the property is to be immediately listed for sale at an agreed upon price and sold to the buyer with the first reasonable offer. The net proceeds of sale, defined as selling price less balance on first mortgage, real estate commission, and customary closing costs, are to be divided equally. Until sale, the Husband shall have exclusive occupancy and the sole responsibility for all expenses concerning same. The court will reserve jurisdiction until either the transfer takes place or the property is sold.
PERSONAL PROPERTY
The parties have divided, with the exception of four items, their furniture and personal possessions pursuant to an agreement announced in court. The television set and bookcase are awarded to the Wife. The ironing board, laser disc player, and discs are awarded to the Husband.
The 1995 BMW and 1991 Toyota automobiles are awarded to the Wife subject to the outstanding obligations concerning same. The 1990 Isuzu automobile and the Suzuki motorcycle are awarded to the Husband. Each party shall take immediate steps to remove the other from any obligations concerning said property.
The 1992 Checkmate boat shall be immediately sold to the buyer with the first reasonable offer and the net proceeds divided equally. Until sold, the Husband shall have exclusive use and be solely responsible for all expenses concerning same. At the Husband's option, within 30 days from date, he may pay the Wife $4,100.00 for her interest. The court will reserve jurisdiction until the boat is sold or the Wife is paid for her interest.
RETIREMENT ASSETS
The Wife's balance in her Quick and Reilly 401k account and the Husband's balance in his UTC Employee Savings plan 401k account shall be lumped together and divided equally. This can most effectively be accomplished by deducting the balance in the Wife's account from the balance in the Husband's account and having a rollover to the Wife's account of one-half the difference.
The Wife is awarded one-half of the monthly benefit from the Husband's UTC Pension Plan, including survivors benefits, earned CT Page 4562 between the date of marriage and the date of dissolution. Said award is to be pursuant to a Qualified Domestic Relations Order to be prepared by Barry Kaplan at an expense to be equally shared. Counsel for both parties are to certify their approval of the QDRO before submitting it to the court for approval. The court will reserve jurisdiction to hear any disputes concerning this order.
LIABILITIES
Each party shall be solely responsible for the liabilities shown on their respective financial affidavits, saving the other harmless from any and all claims regarding same. For clarification purposes, the $4,000.00 obligation due the Wife's mother shall be her sole responsibility, and the total SF Credit Union obligation shall be the Husband's sole responsibility.
COUNSEL FEES
Each party shall be responsible for his or her own counsel fees.
TAXES
The unallocated order for alimony and child support shall be considered tax deductible to the Husband and includable to the Wife on their respective tax returns.
Until the Wife becomes employed full time, at least 30 plus hours per week, the tax exemption for the minor child shall belong to the Husband.
MISCELLANEOUS
By April 15 of each year, until there is no longer any financial obligation for child support or alimony, the parties shall exchange their complete IRS returns in order to determine that the payments are appropriate under the circumstances then existing.
The Wife's birth name, Holly M. Sylvester, is restored.
Each party shall sign any necessary documents to effectuate the orders contained herein. CT Page 4563
Plaintiff's counsel shall prepare the judgment file, have it certified by defendant's counsel, and file it with the court within 30 days.
CUTSUMPAS, J.
Visitation:
Tuesday Thursdays 5:00pm to 8:00pm Sundays 9:00am to 1:00pm
Holidays:
Shannon's Birthday: Husband 5:00pm thru 8:00pm (if weekday) 9:00am thru 1:00pm (Saturday) Easter 2000: Wife Easter 2001 
thereafter Husband 9:00am thru 1:00pm
Mother's Day: Husband 9:00am thru 1:00pm
Memorial Day 2000 Husband 9:00am thru 5:00pm Alternate each year
Father's Day: Husband 9:00am thru 1:00pm
Wife's b-day: Wife
July 4th 2000: Wife Alternate each year Husband 9:00 am thru 5:00pm
Husband's b-day: Husband 5:30pm thru 8:30pm (if weekday) 9:00am thru 5:00pm (if weekend)
Labor Day 2000: Husband 9:00am thru 5:00pm Alternate each year
Halloween: Wife
Thanksgiving : Husband 9:00am thru 1:00pm
Christmas Eve: Husband 5:00pm thru 8:00pm Christmas Day: Husband 1:00pm thru 4:30pm
New Year's Eve: Wife CT Page 4564 New Year's Day: Husband 9:00am thru 5:00pm
If visitation is not to be exercised, the husband will give to the wife a minimum of 48 hours notice, except if he is sick he will give maximum notice possible.
____________ _____________ Plaintiff Defendant
____________ _____________ Attorney Attorney